UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,      :     CASE NO. 1:06-CR-345
                                            :
        Plaintiff,                          :
                                            :
vs.                                         :     OPINION & ORDER
                                            :     [Resolving Doc. No. 48]
JOSEPH MIHALICH, AVERY KLEIN,  :
RICHARD OTTERMAN, PHILLIP F.   :
GEORGE, JR.,                                :
                                            :
        Defendants.                       :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this motion, the Court decides whether to grant Defendant Phillip F. George, Jr.'s ("George") motion to dismiss. George moves the Court to dismiss the Government's July 11, 2006 charges against him and argues that the Government may have improperly used privileged attorney-client communications. [Doc. 48.] The Government opposes this motion. [Doc. 82.] For the reasons presented below, the Court **DENIES** George's motion to dismiss.

I. Background

In October 2001 and September 2002, the Government indicted George on numerous counts of illegal gambling and related offenses in the Hamilton and Lorain County Courts of Common Pleas. [Doc. 48.] In 2002, the Government effected search warrants and confiscated, among other materials, documents seemingly protected by the attorney-client privilege. *Id.* At the time of the search, Assistant United States Attorney Robert Buford apparently supervised the prosecution. *Id.*

George protested the Government's seizure of his attorney-client materials. *Id.* Based, in

-1-

Case No. 1:06-CR-345
Gwin, J.

part, on a June 29, 2004 Order issued by Magistrate Judge James S. Gallas, the Government subsequently returned the materials to George. *Id.* The Government also established a "taint team," headed by AUSA Benita Pearson, to separate the attorneys and special agents assigned to further investigate and additionally prosecute George's alleged illegal gambling activities. [Doc. 82.]

On February 8, 2005, the Government assigned AUSA Matthew Kall to prosecute this case; in July 2006, the Government assigned AUSA Antoinette Bacon to assist Kall. *Id.* Neither attorney has seen or relied upon George's previously seized attorney-client materials in their preparation of the Government's present case against him. *Id.* The Government's current case against George involves neither AUSA Buford, nor AUSA Pearson.

## II. Legal Standard

The Sixth Amendment provides that an accused has the right "to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. This fundamental right is meant to assure fairness in our criminal process. *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). "Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364 (1981). Absent a showing of prejudice by the defendant, dismissal is not an appropriate remedy. *Id.* at 366.

## III. Analysis

In his motion to dismiss, George says that the Government's 2002 seizure of attorney-client materials from him impairs his Sixth Amendment right to counsel in this case. Defense counsel says that the Government's previous seizures so impeded her relationship with her client that she cannot effectively communicate with him. Consequently, George claims impairment of his right to counsel.

Case No. 1:06-CR-345
Gwin, J.

The Court is concerned that George and his counsel maintain effective communication, but does not find that their asserted inability to do so is a valid basis for dismissal of the Government's current charges against George. Neither AUSA Kall nor AUSA Bacon participated in the Government's earlier investigation and prosecution of George. Likewise, neither attorney has reviewed any of the material in question or learned of its contents or relied upon it in the instant case. Through the creation of the "taint team," the Government has also isolated the two case agents responsible for investigating George's alleged illegal gambling activities. As a result, George cannot make the required showing that the Government's earlier acts prejudice his current defense against his most recent indictment.

Any constitutional injury suffered by George arose from Ohio's past acts in its previous indictments against George in Hamilton and Lorain Counties. Magistrate Judge Gallas addressed this injury in his June 29, 2004 Order that directed the Government to return George's documents to him. Granting George's current motion to dismiss based on the Government's past acts would unnecessarily infringe on the competing interest of allowing the Government to bring its current case against him. *Morrison* bars the Court from doing so. Thus, dismissal of this case is not appropriate.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** George's motion to dismiss.

IT IS SO ORDERED.

Dated: October 17, 2006        s/ *James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE