UNITED STATES DISTRICT COURT
NONRTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:06-CR-345 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. No. 95, 99] |
| JOSEPH MIHALICH, AVERY KLEIN, RICHARD OTTERMAN, PHILLIP F. GEORGE, JR., | : | |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Order and Opinion, the Court decides whether to grant Defendant Phillip F. George, Jr.'s ("George") two motions for reconsideration of the Court's October 17, 2006 Order denying George's motion to dismiss. The Court also decides whether to grant George's motion to supplement the record with sealed material.

On July 11, 2006, the Government indicted George on charges of illegal gambling and money laundering under Sections 2, 1955, and 1956 of Title 18 of the United States Code. [Doc. 1.] On September 18, 2006, George moved the Court to dismiss the charges against him. [Doc. 48.] The Government timely opposed this motion, Doc. 82, and George replied, Doc. 88. On October 17, 2006, after considering the facts and argument of both sides, the Court denied George's motion to dismiss. [Doc. 89.] On October 19, 2006 and November 3, 2006, George filed a motion for reconsideration of the Court's Order denying his motion to dismiss, a motion to supplement the record with sealed material, and a second motion for reconsideration. [Docs. 95, 99.] The

-1-

Case No. 1:06-CR-345
Gwin, J.

Government again filed timely opposition to George' motions. [Docs. 98, 100.]

For the reasons presented below, the Court **DENIES** George's motions for reconsideration and **GRANTS** his unopposed motion to supplement the record with "Response of Privilege Team To Emergency Motion For Return of Property" filed as part of *In re Matter of the Searches of 326 Oak Crest, Copley Township, Ohio 44321 and 316 Boyle Street, Akron, Ohio*, Case No. 5:02-MC-120 (N.D. Ohio Jan. 26, 2004), which is to remain sealed.

## I.  Background

On September 18, 2006, George moved the Court to dismiss the Government's July 11, 2006 charges of illegal gambling against him. [Doc. 48.]  George premised his motion to dismiss on the Government's alleged violation of his Sixth Amendment right to counsel. *Id.*  George argued that the Government had improperly seized privileged attorney-client communications belonging to him during its prosecution of him in the Hamilton and Lorain County Courts of Common Pleas. *Id.* George claimed that the "repeated unlawful seizure of defense communications had chilled [his] willingness . . . to communicate with his counsel." *Id.*  George's lawyer, Mary Jane McFadden, ("McFadden"), "in her capacity as an officer of this Court," stated that "free, two-way communication between lawyer and client is not occurring in this case, as a direct result of the repeated unlawful seizures of 6th-amendment protected materials from the George home by the task force that conducted the investigation in this case." *Id.*  McFadden stressed that "illegal intrusions on the privacy of defense communications by government agents" had "effectively frozen defense communication," because George had "simply cease[d] to communicate with counsel." *Id.*  As a result, McFadden did "not anticipate that she [would] be able to provide effective assistance at any trial of this case." *Id.*

Case No. 1:06-CR-345
Gwin, J.

The Government opposed George's motion to dismiss. [Doc. 82.] The Government said that it had established a "taint team" to separate the Assistant United States Attorneys ("AUSAs") and special agents involved in George's prosecution in Hamilton and Lorain Counties from the AUSAs and investigators involved in this federal action. *Id.* The Government also said that the current prosecution team had not seen or relied upon George's previously seized attorney-client materials in their preparation of the Government's present case against him. *Id.*

The Court analyzed the facts presented and each sides' argument. [Doc. 89.] The Court expressed its concern that George and McFadden maintain effective communication, but did not find as a valid basis for dismissal their asserted inability to do so. *Id.* Based on the legal insufficiency of the defense's argument and the Government's assurance that its "taint team" eliminated any potential prejudice against George in its current prosecution of him, the Court denied George's motion to dismiss. *Id.*

On October 17, 2006, the Court held a status conference in preparation for a jury trial scheduled to begin on October 23, 2006. [Doc. 92.] At the hearing, McFadden informed the Court that she would be undergoing surgery on October 19, 2006 and moved the Court for a continuation of the trial date. The Court advised McFadden that it did not consider her potential unavailability as adequate grounds to continue this multi-party proceeding. The Court suggested that McFadden transfer her files to another attorney who could be available to defend George on the scheduled trial date. McFadden then told the Court that such transfer would be impossible within the given time frame because she had ceased preparing written work product as the result of the Government's seizure of attorney-client communications prior to the state court proceedings. As a result, McFadden would have to orally convey her theory of the case and trial tactics to another attorney

Case No. 1:06-CR-345
Gwin, J.

prior to the October 23, 2006 trial, which she could not do because of her October 19, 2006 surgery.

In the ends of justice, the Court granted McFadden's continuance and rescheduled a pretrial hearing for December 1, 2006 and a jury trial to begin on December 7, 2006. [Doc. 93.] The Court ordered that, "should Attorney McFadden be unable to proceed to trial on December 7, 2006, then Defendant George shall obtain new counsel within such time frame as to permit new counsel to adequately prepare for the December trial date." *Id.*

In his instant motions to reconsider, George again says that violations of his Sixth Amendment right to counsel compel dismissal of the Government's most recent charges against him. [Doc. 95.] George raises the same "privacy of defense communications" argument asserted in his motion to dismiss. *Id.* The defense also premises the motions for reconsideration on McFadden's inability to effectively defend George because of her tactical decision to cease creating written work product or attorney-client communications. *Id.* Finally, the defense says that "newly-discovered" evidence in the form of electronic recordings of telephone calls initiated by George over prison-monitored telephone lines to McFadden warrants the Court's reconsideration of its October 17, 2006 Order denying George's motion to dismiss. [Doc. 99.]

The Government opposes George's motions for reconsideration. [Docs. 98, 100.] It says that George inappropriately brings his first motion for reconsideration on grounds already considered and denied by the Court. [Doc. 98.] The Government also argues that George's "new evidence" theory is erroneous and irrelevant. [Doc. 100.]

Separately, the defense moves the Court to supplement the record with sealed material. [Doc. 95.] Specifically, defense requests the record in this case to include "Response of Privilege Team To Emergency Motion For Return of Property" filed as part of *In re Matter of the Searches of 326*

-4-

Case No. 1:06-CR-345
Gwin, J.

*Oak Crest, Copley Township, Ohio 44321 and 316 Boyle Street, Akron, Ohio*, Case No. 5:02-MC-120 (N.D. Ohio Jan. 26, 2004). *Id.* The Government does not oppose this motion and notes that it "does not believe that it provides any basis for dismissal or any other form of relief." [Doc. 98.]

## II. Legal Standard

The Federal Rules of Criminal Procedure do not provide for a motion to reconsider, but common law doctrine recognizes such motions. *See, e.g.*, *United States v. Holtzhauer*, 2006 WL 1582444, at *2 (S.D. Ohio June 8, 2006). Courts presented with motions for reconsideration in criminal cases typically evaluate those motions under the same standards applicable to a civil motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Id.* at *3.

A court may grant a motion to alter or amend a judgment as an efficient means to correct an otherwise erroneous judgment. *Boler Co. v. Watson & Chalin Mfg., Inc.*, 372 F. Supp. 2d 1013, 1024 (N.D. Ohio 2005). A reconsideration motion is not an opportunity to relitigate previously decided matters or present the case under new theories. *See, e.g.*, *Gen. Truck Driver Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999), *cert. denied*, 528 U.S. 1137 (2000); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Following the established Rule 59(e) standard, a court grants a motion for reconsideration for one of three reasons: because of an intervening change in controlling law, because evidence not previously available has become available, or because it is necessary to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Boler*, 372 F. Supp. 2d at 1025; *Gen. Truck Driver*, 190 F.3d at 445. A motion to alter or amend a judgment is an extraordinary remedy that a court grants sparingly in the interests of repose and conservation of scarce judicial resources. *Holtzhauer*, 2006 WL 1582444, at *3-4 (citations omitted).

Case No. 1:06-CR-345
Gwin, J.

### III. Analysis

Defendant George does not meet the required standard for the Court to grant reconsideration. George does not argue that controlling law has changed since the Court's October 17, 2006 Order; George does not present any new relevant evidence; and, George does not assert that the Court clearly erred in its application of law or created a situation of "manifest injustice." For these reasons, George's motions for reconsideration fail.

George uses his first motion for reconsideration to make two arguments, one of which the Court previously considered and rejected and the other of which has no supporting basis in law. First, George reargues the same "privacy of defense communications" claim that he asserted in his motion to dismiss. The Court rejected this argument in its October 17, 2006 Order, because Magistrate Gallas addressed any potential injury suffered by George in the earlier Ohio state court proceedings. Further, George did not demonstrate that the Government's earlier acts prejudice his current defense against his most recent indictment in this federal court.

As the Government re-states in its opposition to George's first motion for reconsideration, its current prosecution team "has not reviewed any of the material in question and has not used it in preparation of this case." The Court again accepts the Government's now twice-sworn statement that its "taint team" isolated any earlier acts that could possibly prejudice George's defense in the instant case. This is simply a reiteration of the Court's finding in its October 17, 2006 Order.

Second, George re-introduces the argument that McFadden attempted to make during the October 17, 2006 status conference: namely, that defense counsel's tactical decision to cease creating written work product or any written communication with her client, violates either Attorney McFadden's constitutional right to effectively assist her client or George's Sixth Amendment right

Case No. 1:06-CR-345
Gwin, J.

to counsel. This argument has no basis in law.

Contrary to defense counsel's assertion, *United States v. Morrison*, 449 U.S. 361 (1981), does not stand for the proposition that a defense attorney can choose to forgo committing her trial strategy to writing and then claim a constitutional violation because, in doing so, she has rendered herself ineffective to her client. Further, *Morrison* clearly directs that the appropriate remedy for illegal searches and seizures "is limited to denying the prosecution the fruits of its transgression," not dismissal of the indictment. 449 U.S. at 365-66. The defense counsel incorrectly construes *Morrison*'s reasoning and misapplies its holding. Thus, George's arguments in his first motion for reconsideration re-hash an assertion that he made in his motion to dismiss and present a wholly-new and flawed legal theory. As such, the arguments fail.

George's "new evidence" theory advanced in his second motion for reconsideration meets the same fate. First, the complained-of electronic recordings do not appear to be "new." The defense counsel states that "[b]y letter dated October 3, 2006 . . . AUSA Antoinette Bacon transmitted to [McFadden] a compact disc containing 183 separate recordings." These recordings included telephone calls initiated by George from the Warren Correctional Institution to McFadden. The Court denied George's motion to dismiss on October 17, 2006. Defense counsel waited until November 1, 2006 to listen to the electronic recordings. Consequently, the recordings do not qualify as "evidence not previously available [that] has become available" and are not appropriately considered by the Court under the established standard for motions for reconsideration.

Even if the electronic recordings qualified as "new evidence," the Government correctly challenges their relevance to George's rejected Sixth Amendment claim. George initiated his conversations with McFadden on issues pertaining to a completely separate case over prison-

-7-

Case No. 1:06-CR-345
Gwin, J.

monitored telephone lines with notice that the authorities recorded the calls. Such knowledge of monitoring destroys any reasonable expectation of privacy and, therewith, the attorney-client privilege. The content of the conversations at issue does not relate to the Government's current charges against George. As a result, the electronic recordings do not implicate George's constitutional right to counsel in this case and do not form any basis for the Court to reconsider its October 17, 2006 Order denying George's motion to dismiss.

Finally, the Court reserves opinion on the relevance of George's motion to supplement the record with sealed material, but notes that the Government does not oppose the motion and, therefore, grants it. The cited material will remained sealed in this case.

## IV.  Conclusion

For these reasons, the Court finds that George has failed to present a sufficient basis for it to consider its Order denying George's motion to dismiss. Thus, the Court **DENIES** George's two consecutive motions for reconsideration and **GRANTS** his unopposed motion to supplement the record with "Response of Privilege Team To Emergency Motion For Return of Property" filed as part of *In re Matter of the Searches of 326 Oak Crest, Copley Township, Ohio 44321 and 316 Boyle Street, Akron, Ohio*, Case No. 5:02-MC-120 (N.D. Ohio Jan. 26, 2004), which is to remain sealed.

IT IS SO ORDERED.


Dated: November 15, 2006                                s/     *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE